IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | : | |
| AMERICAN CASUALTY COMPANY OF | : | |
| READING, PENNSYLVANIA and CNA | : | |
| CLAIM PLUS, INC., | : | Civil Action No. |
| | : | 5:11-CV-307 (CAR) |
| Plaintiffs, | : | |
| | : | |
| TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

_____

**ORDER FOR DEFAULT JUDGMENT**

Currently before the Court is Plaintiffs' Motion for Default Judgment [Doc. 7]. On August 11, 2011, Plaintiffs Continental Casualty Company ("Continental"), American Casualty Company of Reading, Pennsylvania ("American"), and CNA ClaimPlus, Inc. ("ClaimPlus") filed a Complaint against Defendant Trucks, Inc. asserting claims of breach of contract, unjust enrichment, and account stated. Plaintiffs seek to recover amounts and interest owed by Defendant on several insurance policies issued by Plaintiffs over a period of three years. Defendant was served with process but failed to answer or respond.

At Plaintiffs' request, the Clerk of Court entered a default against Defendant on September 16, 2011. Plaintiffs, by the same instrument, requested entry of default judgment [Doc. 7]. Defendant has not appeared or filed a response, and the time for

doing so has passed.  For the reasons set forth below, Plaintiffs' Motion [Doc. 7] is **GRANTED**, in part, as to liability only.  As discussed below, the Court reserves judgment as to damages until receipt of additional evidence.  See Fed. R. Civ. P. 55(b).

## DISCUSSION

### A. Default Judgment Standard

Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default.  Fed. R. Civ. P. 55(a).  Plaintiffs have satisfied this requirement.  After entry of default, Plaintiffs are required to seek default judgment from the Court.  Fed. R. Civ. P. 55(b).

The mere entry of default does not mandate the entry of a default judgment.  Instead, the Court must find a sufficient basis in the pleadings for the judgment to be entered.  Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[1]  A default is not an admission of liability, but it is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.  Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009).  Once a court determines that default judgment should be entered, the court must then determine the amount and character of the recovery for which a sufficient

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

basis is asserted in the complaint. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

In considering any default judgment, the Court must examine (1) jurisdiction, (2) liability, and (3) damages. See Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353 (S.D. Ga. 2004). This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The remaining considerations are discussed below.

**B. Liability**

Plaintiffs' Complaint contains well-pleaded factual allegations that Defendant entered into several insurance agreements with the Plaintiffs over a course of three years. These policies and agreements are outlined below.

- September 2006 – September 2007 Insurance Program: Continental issued (1) a truckers coverage policy; (2) a commercial general liability policy; and (3) an inland marine policy to Defendant. Defendant also entered into a Finance Agreement with Continental and a Claims Services Agreement with ClaimPlus based on the above policies.

- October 2006 – October 2007 Insurance Program: American issued (1) a workers' compensation policy and (2) an employers' liability insurance policy to Defendant. Defendant also entered into a Finance Agreement with American and a Claim Services Agreement with ClaimPlus in connection with the above policies.

- September 2007 – September 2008 Insurance Program: American and Continental renewed the above policies for an additional year. Defendant entered into corresponding Finance and Claim Services Agreements with the Plaintiffs.

Pursuant to these policies, Defendant was required to pay certain amounts for deductible obligations and claims handling fees, in addition to maintaining sufficient

collateral for the benefit of Plaintiffs to secure Defendant's obligations under the insurance programs.

Defendant's obligations under the above policies are calculated quarterly and continue until all of the claims submitted for coverage are closed. Plaintiffs allege that Defendant is currently indebted to Plaintiffs in the amount of $91,023 based on past due deductibles and fees from three quarters: September 1, 2010 to December 1, 2010 - $59,832; December 1, 2010 to March 1, 2011 - $16,751; March 1, 2011 to June 1, 2011 - $14,440. Plaintiffs also allege Defendant failed to maintain sufficient collateral for these periods and is thus responsible for additional collateral obligations of $147,159. Thus, Plaintiffs allege that Defendant currently owes a balance of $238,182.

Plaintiffs allege that they have repeatedly demanded payment of the amount owed by Defendant, and Defendant has refused and continues to refuse to pay Plaintiffs. Further, Plaintiffs allege that the failure to make these payments amounts to a breach of the insurance agreements.

Based on the above well-pleaded allegations, Plaintiffs bring four counts. In Count 1, Plaintiffs allege breach of contract based on Defendant's failure to meet its deductible and claim handling fees obligations. In Count 2, Plaintiffs allege breach of Defendant's collateral obligations. In Count 3, Plaintiffs allege Defendant was unjustly enriched because Plaintiffs provided coverage for which they were not paid. Finally, in Count 4, Plaintiffs allege that Defendant promised to pay the above balance and the

accounts remained open, unpaid and overdue.  Plaintiffs demand judgment against Defendant in the amount of $238,182, plus interest, attorneys' fees, and costs.

Under Georgia law, a party asserting breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms.  O.C.G.A. § 13-3-1.  Once the party establishes a valid contract existed, "the elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken."  Duke Galish, LLC v. Manton, 308 Ga. App. 316, 320, 707 S.E.2d 555, 559 (2011) (citation omitted).  The Court finds that the well-pleaded allegations of Plaintiffs' Complaint set forth the required elements to establish Defendant's liability for breach of contract.[2]

### C. Damages

Although the entry of default judgment is appropriate here, the Court still has an obligation "to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003).  The Court may only award damages for default judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation."  Adolph Coors Co. v.

---

[2] Because the Court grants default judgment as to the breach of contract claims, the Court does not need to consider Plaintiffs' alternative unjust enrichment and account stated claims.  See Huddleston v. Smith, No. 1:09-cv-03669, 2010 WL 1410556 (N.D. Ga. Mar. 30, 2010) (declining to reach alternative unjust enrichment claim after granting default judgment as to breach of contract claim).

Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985).  Thus, [d]amages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or demonstration by detailed affidavits establishing the necessary facts." Id. (citation omitted); see also S.E.C. v. Smyth, 420 F.3d 1225, 1232 (11th Cir. 2005) (noting that a hearing is not required "where all essential evidence is already of record").

Plaintiffs seek compensatory damages consisting of past due deductibles, fees, and collateral obligations.  Presumably, these obligations and amounts are calculable from the insurance agreements discussed above, but Plaintiffs have not provided them and the record is devoid of evidence of how Plaintiffs reached the amounts in the Complaint.  Simply listing the amounts Defendant allegedly owes is insufficient, and Plaintiffs have not proved the damages they seek.  Thus, Plaintiffs must either request a hearing on damages or submit, within fourteen (14) days of this Order, additional evidence detailing how the figures listed in the Complaint were calculated.

Plaintiffs are also entitled to their attorneys' fees and costs incurred.  Plaintiffs must submit their application for attorneys' fees and costs within fourteen (14) days of the date of this Order.  See Local Rule 54.1.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS,** in part, Plaintiffs' Motion for Default Judgment [Doc. 7].  The Court reserves judgment on the issue of damages

until it receives further evidentiary support or Plaintiffs request a hearing on damages.

**IT IS FURTHER ORDERED** that Plaintiffs must submit their application for attorneys' fees and costs within fourteen (14) days of the date of this Order.

SO ORDERED, this 3rd day of November, 2011.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT COURT

AES/ssh