IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | : | |
| AMERICAN CASUALTY COMPANY OF | : | |
| READING, PENNSYLVANIA and CNA | : | |
| CLAIM PLUS, INC., | : | Civil Action No. |
| | : | 5:11-CV-307 (CAR) |
| Plaintiffs, | : | |
| | : | |
| TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

_____

ORDER ON MOTION FOR ATTORNEYS' FEES
AND APPLICATION FOR DAMAGES

In accordance with the Court's previous Order [Doc. 8] granting default judgment as to liability for breach of contract, Plaintiffs Continental Casualty Company; American Casualty Company of Reading, Pennsylvania; and CNA Claim Plus, Inc. ("Plaintiffs") have filed the current Application for Damages, Attorneys' Fees and Costs [Doc. 9].  Plaintiffs' counsel seeks $8,701.50 in attorneys' fees and $678.79 in litigation costs incurred in their representation of Plaintiffs.  Plaintiffs support their request for attorneys' fees with the affidavit of Samuel Thomas, a partner in the New Jersey law firm of Bressler, Amery & Ross, P.C., which was retained by Plaintiffs to represent them in this action.  In support of their request for damages, Plaintiffs submit the affidavit of

1

Cynthia Goral, an employee of CNA Insurance Companies.[1] After careful consideration, the Court **GRANTS** Plaintiffs' Application for Damages, Attorneys' Fees and Costs [Doc. 9] and awards the amounts specified below.

## Background

On August 11, 2011, Plaintiffs filed a Complaint against Defendant Trucks, Inc. asserting claims of breach of contract, unjust enrichment, and account stated. Plaintiffs sought to recover amounts and interest owed by Defendant on several insurance policies issued by Plaintiffs over a period of three years. When Defendant failed to respond to Plaintiffs' Complaint, Plaintiffs sought an entry of default from the Clerk and simultaneously requested entry of default judgment from the Court.

This Court entered an Order on November 3, 2011 [Doc. 8] finding Plaintiffs were entitled to default judgment against Defendant because (1) Defendant failed to appear or otherwise respond after being served with process; (2) through its failure to respond, Defendant admitted all well-pleaded allegations in Plaintiffs' Complaint; and (3) those allegations were sufficient to establish Defendant's liability for breach of contract. However, the Court directed Plaintiffs to make a supplemental evidentiary showing with respect to damages.

---

[1] Plaintiffs Continental Casualty Company and American Casualty Company of Reading, Pennsylvania are companies operating under the CNA trademark.

## Discussion

### A. Application for Damages

As the Court noted in its prior Order, it has an obligation "to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). Plaintiff's Application for Damages [Doc. 9] represents its evidentiary basis for the damages sought in its Complaint [Doc. 1]. Plaintiffs have now provided copies of each insurance policy issued to Defendant as well as the Claim Services Agreements, the Finance Agreements, and the Confirmation Letters sent to Defendant regarding each policy. Pursuant to these agreements, Defendant was required to pay certain amounts for deductible obligations and claims handling fees, in addition to maintaining sufficient collateral for the benefit of Plaintiffs to secure Defendant's obligations under the insurance policies.

Defendant's obligations under the policies are calculated quarterly and continue until all of the claims submitted for coverage are closed. In their Application for Damages, Plaintiffs have provided invoices detailing the amounts owed by Defendant pursuant to these quarterly calculations. These invoices show that Defendant is indebted to Plaintiffs in the amount of $91,023.00 based on past due deductibles and fees from three quarters: September 1, 2010 to December 1, 2010 - $59,832; December 1,

2010 to March 1, 2011 - $16,751; and March 1, 2011 to June 1, 2011 - $14,440.  The interest on these past due invoices is $2,927.62.

Plaintiffs have also produced evidence to support their allegations that Defendant failed to maintain sufficient collateral for these periods.  Plaintiffs' calculation shows that Defendant is responsible for collateral obligations of $147,159.  Thus, Plaintiffs have provided adequate evidence to demonstrate that they are entitled to a damages award of $241,109.62.  A hearing on damages is not necessary because the record "adequately reflects the basis for [the] award via … a demonstration by detailed affidavits establishing the necessary facts."  Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (citation omitted); DIRECTV, Inc. v. Huynh, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004) (the decision of whether to hold a hearing on damages rests in the district court's discretion); S.E.C. v. Smyth, 420 F.3d 1225, 1232 (11th Cir. 2005) (noting that a hearing is not required "where all essential evidence is already of record").

  B.    **Attorneys' Fees**

The insurance policies issued to Defendant provide that Plaintiffs are entitled to reimbursement for reasonable attorneys' fees, expenses, and litigation costs necessary to collect past due amounts.  Thus, an award of attorneys' fees is authorized under the contracts, and is allowed by Georgia law.  See O.C.G.A. § 13-1-11.  In determining a

reasonable amount of attorneys' fees, the Court must calculate the "lodestar," which is the number of hours reasonably spent working on the case multiplied by a reasonable hourly rate.  Dillard v. City of Greensboro, 213 F.3d 1347, 1354 (11th Cir. 2000).  The Court may make adjustments to the lodestar calculation for other considerations not yet factored into the lodestar amount.  Id.; Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988).  Factors courts should consider in calculating an award include: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the expertise, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Johnson v. Ga. Hwy. Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974),[2] abrogated in part on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989); see also Cable/Home Commc'n Corp. v. Network Prod., Inc., 902 F.2d 829, 853 n. 37 (11th Cir. 1990).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

The party seeking attorneys' fees bears the burden of establishing the appropriate hours and rates. Norman, 836 F.2d at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id.

Here, Plaintiffs seek $8,701.50 in attorneys' fees for 36.7 hours spent on the case. Plaintiffs submitted an affidavit and invoices detailing the hours worked and rates charged. The 36.7 hours encompass the work of five attorneys – partner Samuel J. Thomas, working 5.0 hours at $330.00 per hour; associate Christopher J. Dos Santos, working 0.5 hours at $250 per hour; and associate Dennis Kadian, working 23.70 hours at $225 per hour. Mr. Tomas' affidavit also addresses the fees incurred by Plaintiffs' local counsel: attorney Lawrence D. Domenico, working 4.8 hours at $235 per hour; and attorney Timothy J. Wooten, working 2.70 hours at $235 per hour.

1. **Reasonable Hourly Rates**

A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. Generally, the relevant legal community is the place where the case is filed. Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Plaintiffs filed this case in Macon, Georgia, and the majority of the

events giving rise to this litigation occurred in nearby Jackson, Georgia.  Although Plaintiffs' attorneys practice in the metropolitan areas of Florham Park, New Jersey and Atlanta, Georgia, the Court finds that the Macon area is the appropriate legal community for the purpose of determining reasonable hourly rates.

The Court may use its discretion and expertise to determine the appropriate hourly rate.  This analysis is affected by factors such as skill, reputation, and experience. Norman, 836 F.2d at 1304.  Plaintiff has proposed rates of $330.00 per hour for Samuel Thomas' time, $225 per hour for his associates, Dennis Kadian and Christopher Dos Santos, and $235 per hour for local counsel Lawrence Domenico and Timothy Wooten. Plaintiffs' lead counsel, Samuel Thomas, has 17 years of experience, and has represented Plaintiffs since 1997.  While Mr. Thomas certainly has the requisite experience and skill to effectively prosecute the breach of contract claim involved in this action,  the Court finds that a rate of $330.00 per hour is not comparable to similarly situated attorneys in Macon and thus reduces his rate to $220.00 per hour.

The Court also finds it appropriate to adjust the hourly rates of Mr. Thomas's associates, Dennis Kadian and Christopher Dos Santos.  Mr. Kadian has been practicing in New Jersey for 8 years, and Mr. Dos Santos has been practicing there for 4 years. However, the Court finds that a rate of $250 per hour is not comparable to the rates of associates in Macon, and the Court reduces the associates' rates to $150.00 per hour.

Finally, Plaintiffs also incurred local counsel attorneys' fees.  Mr. Domenico and Mr. Wooten, of the firm Mozley, Finlayson & Loggins, LLP, seek $1,762.50 in fees for assisting with this matter.  Mr. Domenico has been practicing in the Atlanta area for 23 years, and Mr. Wooten has been practicing in the Atlanta area for 10 years.  Both attorneys propose $235 as a reasonable hourly rate.  However, based upon careful consideration of Plaintiffs' motion and the Court's own expertise, judgment, and research into prevailing market rates for attorneys in the Macon area, the Court finds that local counsel is entitled to $220.00 per hour.

**2. Reasonable Hours Expended**

In determining reasonable attorneys' fees, district courts "are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  American Civil Liberties Union v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  Thus "excessive, redundant or otherwise unnecessary hours [should be] excluded from the amount claimed."  Norman, 836 F.2d at 1301 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  This means a party seeking to recover attorneys' fees may not be compensated for hours that would not be billed to a client of means, regardless of the attorney's skill, reputation, or experience.  See id.

Counsel charged a total of 36.7 hours of work on this default judgment case. The Court finds that 8.2 of those hours are unreasonable. Counsel spent a total of 13.2 hours drafting the 14-page complaint in this case. The Court finds it unreasonable that counsel, who have represented Plaintiffs for 14 years, would spend this much time drafting a pleading in what is, ultimately, a simple and uncontested breach of contract case. Granted, this case involves multiple insurance policies, but it was not so complex that it demanded the work of four attorneys to draft a relatively simple complaint. Therefore, the hours are reduced as follows: (1) attorney Samuel Thomas' time will be reduced by 3.2 hours; (2) attorney Dennis Kadian's time will be reduced by 3 hours; (3) attorney Timothy Wooten's time will be reduced by 1.2 hours; and (4) attorney Lawrence Domenico's time will be reduced by 0.8 hours. The Court finds no other adjustments necessary.

### C. Litigation Costs and Expenses

Plaintiffs also seek $678.79 in litigation costs. Local counsel, Mr. Wooten and Mr. Domenico, incurred $429.80 in litigation costs, $419.00 on "Metro Legal Support" in August 2011, and $10.80 for copy charges. Although counsel neglects to explain what "Metro Legal Support" means, the Court assumes that this cost covered the Clerk's filing fee and personal service on the Defendant. The remaining costs include postage,

copy fees, and pro hac vice fees.  The Court finds these amounts to be reasonable and awards them in full.

## Conclusion

For the foregoing reasons, the Court hereby **ORDERS** Defendant to pay Plaintiffs (1) $241,109.62 in damages and interest; (2) $4,786.00 in attorneys' fees as calculated in the Appendix to this Order; and (3) $678.79 in litigation costs, for a total award of $246,574.41.  See Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co., 207 F.3d 1247, 1252 (11th Cir. 2000) (stating that court granting award of attorneys' fees should provide a summary table of how it arrived at amount awarded).

SO ORDERED, this 23rd day of December, 2011.

                                              S/  C. Ashley Royal
                                              C. ASHLEY ROYAL, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

AES/ssh

## APPENDIX

**Calculation of Attorneys' Fees**

<u>Thomas</u>

| | |
|---|---:|
| Total Hours Claimed | 5.0 |
| Deductions | (3.2) |
| Total Reasonable Hours | 1.8 |
| Reasonable Rate | $220.00 |
| Total Fees | $396.00 |

<u>Kadian</u>

| | |
|---|---:|
| Total Hours Claimed | 23.7 |
| Deductions | (3.0) |
| Total Reasonable Hours | 20.7 |
| Reasonable Rate | $150.00 |
| Total Fees | $3,105.00 |

<u>Dos Santos</u>

| | |
|---|---:|
| Total Reasonable Hours | 0.5 |
| Reasonable Rate | $150.00 |
| Total Fees | $75.00 |

<u>Wooten</u>

| | |
|---|---:|
| Total Hours Claimed | 2.7 |
| Deductions | (1.2) |

| | |
|---|---:|
| Total Reasonable Hours | 1.5 |
| Reasonable Rate | $220.00 |
| Total Fees | $330.00 |

<u>Domenico</u>

| | |
|---|---:|
| Total Hours Claimed | 4.8 |
| Deductions | (0.8) |
| Total Reasonable Hours | 4.0 |
| Reasonable Rate | $220.00 |
| Total Fees | $880.00 |

<u>Total Fees Awarded:</u>  $4,786.00